IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS PRICE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH CAMERON, et al. | : | No. 12-0654 |

## MEMORANDUM AND ORDER

AND NOW, this 5th day of June, 2012, upon consideration of the pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Curtis Price, the court makes the following findings and conclusions:

1. On January 25, 2012, Price, an individual currently incarcerated at the State Correctional Institution in Cresson, Pennsylvania, filed a pro se petition for writ of habeas corpus challenging the denial of parole by the Pennsylvania Board of Probation and Parole.[1]

2. The United States Court of Appeals for the Third Circuit has held that a state prisoner challenging the execution of his sentence must do so pursuant to § 2254. Coady v. Vaughn, 251 F.3d 480, 484-485 (3d Cir. 2001).

3. On February 16, 2012, I ordered the Clerk of Court to provide Price with the current standard form for filing a petition pursuant to 28 U.S.C. § 2254 along with an application to proceed *in forma pauperis*. Price was directed to complete the habeas form and either complete the application to proceed *in forma pauperis*, or submit the $5.00

---

[1] On January 25, 2012, I dismissed Price's previously filed federal habeas petition as untimely pursuant to the federal statute of limitations. See Price v. Cameron, No. 11-2539 (E.D. Pa.); see also 28 U.S.C. § 2244(d)(1). In that petition, Price had challenged his conviction for burglary.

filing fee, within thirty (30) days. See Local R. Civ. P. 9.3;[2] see also 28 U.S.C. foll. § 2254, Rule 2(d) (requiring habeas petitions to be in compliance with forms provided by the Court). Price submitted the $5.00 filing fee on April 9, 2012, but failed to submit the required form for filing his habeas petition.

4. On April 17, 2012, I ordered the Clerk of Court to once again furnish Price with a blank copy of the Court's current standard form for filing a habeas petition. Price was ordered to return the completed form to the Clerk of Court by May 17, 2012, or risk dismissal of the instant action without further notice.

5. As of this date, Price has not submitted his habeas petition on the appropriate form. Accordingly, because Price has failed to submit his habeas petition on the appropriate from, I will dismiss his habeas petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. 28 U.S.C. foll. § 2254.

Based upon the foregoing, it is hereby **ORDERED** that:

1. Price's Petition for a Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**; and

2. The Clerk of Court shall notify Price and Respondent of the action of this Court, see Rule 4, supra, and close this matter.

J. WILLIAM DITTER, JR., J.

---

[2] Local Rule of Civil Procedure 9.3 reads in pertinent part: "All petitions for writ of habeas corpus . . . shall be filed on forms provided by the Court and shall contain the information called for by such forms. The required information shall be set concisely and legibly. Ordinarily, the Court will consider only those matters which are set forth on the forms provided by the Court. Any attempt to circumvent this requirement by purporting to incorporate by reference other documents which do not comply with this Rule may result in dismissal of the petition." Local R. Civ. P. 9.3.